UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| UNITED STATES, | : | CASE NO. 1:19-cr-9 |
| Plaintiff, | : | ORDER |
| vs. | : | [Resolving Doc. 22] |
| COREY PAGE, | : |  |
| Defendant. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

A grand jury indicted Corey Page for influencing, impeding, or retaliating against a federal official under 18 U.S.C. § 115(a)(1)(b). Page allegedly threatened over the phone to kill a Social Security Administration customer service representative when the Social Security representative failed to resolve Page's concerns about two missing disability benefits checks.

On February 21, 2019, Defendant Page moved to suppress incriminating statements Page made to an investigating officer about the alleged threatening phone call. Page claims the officer did not give him adequate *Miranda* warnings and that Page did not knowingly waive his *Miranda* rights.[1]

For the following reasons, the Court **DENIES** Defendant's suppression motion.

## Discussion

Nine days after Page's alleged threatening phone call, Special Agent Christopher Kiah went to Page's home to speak with Page as part of Agent Kiah's investigation. After

---

[1] Doc. 22. The government opposes. Doc. 28.

Agent Kiah handcuffed Page and read Page his *Miranda* warnings, Page made certain statements to Agent Kiah about the Social Security Administration phone call.

Defendant Page now moves to suppress the statements. Page argues that Agent Kiah did not give him adequate *Miranda* warnings and that, even if the warnings were adequate, Page did not knowingly waive his *Miranda* rights when he made the statements.

I.  The *Miranda* Warnings Were Adequate

To satisfy the *Miranda* warnings requirement, Agent Kiah must have informed Defendant Page before questioning "[1] that he has the right to remain silent, [2] that anything he says can be used against him in a court of law, [3] that he has the right to the presence of an attorney, and [4] that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires."[2]

The audio recording of the interrogation shows that Agent Kiah adequately conveyed these *Miranda* warnings. Agent Kiah read Page all four rights in full before he questioned Page.[3]

II. Defendant Page Knowingly Waived His *Miranda* Rights

Even if Agent Kiah properly conveyed the *Miranda* warnings, Defendant's statement during the custodial interrogation is inadmissible unless the United States shows by a preponderance of the evidence that Defendant knowingly and voluntarily waived his *Miranda* rights.[4] Defendant challenges only the comprehension component. Page claims that he did not knowingly waive his *Miranda* rights before making the confessional

---

[2] *Treesh v. Bagley*, 612 F.3d 424, 429 (6th Cir. 2010) (citing *Miranda v. Arizona*, 384 U.S. 436, 478–79 (1966)).
[3] Audio Recording, Gov. Ex. 1.
[4] *Berghuis v. Thompkins*, 560 U.S. 370, 382–84 (2010).

Case No. 1:19-cr-9
Gwin, J.

statement.

For the waiver to be valid, Defendant must have waived his rights "with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it."[5] In deciding whether Defendant's waiver was knowing, the Court considers the "totality of the circumstances surrounding the interrogation," viewed primarily from the perspective of the police.[6] A *Miranda* waiver may be inferred "when a defendant, after being properly informed of his rights and indicating that he understands them, nevertheless does nothing to invoke those rights and speaks."[7]

First, Defendant argues that the *Miranda* waiver was not knowing because Defendant never indicated he understood the right to appointed counsel. After Agent Kiah read the *Miranda* warnings in full, Defendant did not say he understood. When Agent Kiah thereafter gave an additional off-the-cuff explanation of some of the rights—which Defendant verbally acknowledged—Agent Kiah did not repeat his description of the right to appointed counsel.

Considering the totality of the pre-questioning exchanges, the Court finds that Defendant understood all four elements of the *Miranda* warnings and did not to invoke his rights. Defendant gave a general acknowledgement of the rights not long after Agent Kiah read all four rights in full. Moreover, when Defendant initially indicated that he did not understand the full *Miranda* warnings reading, Defendant's confusion only focused on why Agent Kiah wanted to question him, not the rights themselves.

---

[5] *Id.* at 382–83 (citing *Moran*, 475 U.S. at 421).
[6] *Garner v. Mitchell*, 557 F.3d 257, 263 (6th Cir. 2009); *United States v. Al-Cholan*, 610 F.3d 945, 954 (6th Cir. 2010).
[7] *United States v. Adams*, 583 F.3d 457, 467 (6th Cir. 2009) (citations and internal quotations marks omitted).

Case No. 1:19-cr-9
Gwin, J.

Second, Defendant claims that even if Defendant initially indicated an understanding of the *Miranda* warnings, Defendant's conduct during the interrogation should have alerted Agent Kiah that Page's mental illness prevented him from understanding the *Miranda* warnings.[8] In assessing the totality of the circumstances of the interrogation from Agent Kiah's perspective, the Court considers what Agent Kiah knew or should have known about Defendant Page at the time of the interrogation and whether there were indications that Defendant's background, mental capacity, intelligence, or other factors prevented him from understanding the *Miranda* warnings.[9]

Agent Kiah knew about Defendant's history of serious mental illness before the interrogation.[10] Moreover, as Defendant's counsel points out, Defendant made some questionable remarks when talking to Agent Kiah. Defendant stated that the Social Security Administration owed him $800,000, that the Social Security Administration representative started to "talk sexy" to him during the call, and that Social Security Administration workers were lying to him.[11]

Although Defendant's comment regarding the $800,000 two months' disability benefits should have generated some concern about Defendant's capacity to understand his rights, Defendant's other conduct far outweighs this single questionable comment. Throughout the interrogation, Defendant appeared coherent and engaged.[12] He asked questions, grasped the contents of the discussion, and at times even corrected Officer Kiah

---

[8] Hearing Tr.
[9] *See Garner,* 557 F.3d at 262; *United States v. Bradshaw,* 935 F.2d 295, 298–300 (D.C. Cir. 1991) (concluding that whether a suspect was too mentally ill to understand the *Miranda* warnings is a factor relevant to whether the waiver was knowing and intelligent).
[10] Hearing Tr.
[11] Hearing Tr. 30–37; Audio Recording, Gov. Ex. 1.
[12] Hearing Tr.; Audio Recording, Gov. Ex. 1.

Case No. 1:19-cr-9
Gwin, J.

about the facts.[13]  Moreover, when Agent Kiah asked for consent to Defendant's search of his room, Defendant refused.[14]

The Court finds that Defendant Page knowingly waived his *Miranda* rights.

## Conclusion

For the reasons stated, the Court **DENIES** Defendant's motion to suppress.

IT IS SO ORDERED.

Dated: March 7, 2019                    *s/        James S. Gwin*
                                                                               JAMES S. GWIN
                                                                               UNITED STATES DISTRICT JUDGE

---

[13] *Id.*
[14] *Id.*